IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>ASHANTI RHAN HENRY )<br>)<br>    Defendant ) | CASE NO.: 1:12CR24-01 |

**MOTION FOR WITHDRAWAL OF GUILTY PLEA**

    COMES NOW the defendant, Ashanti Rhan Henry, by counsel, pursuant to Fed.R.Crim.P. 11(d) moves this Honorable Court for leave to withdraw his guilty plea which was accepted by this Court on May 20, 2013. (Doc. 284). The defendant states the following in support of said Motion:

**FACTS**

    On May 20, 2013, the defendant appeared in the United States District Court for the Western District of Virginia and entered a plea of guilty to Count Seven of the Superseding Indictment which alleged that the defendant and others conspired to distribute and possess with the intent to distribute 280 grams or more of cocaine base, 5 kilograms or more of cocaine, and oxycodone, all Schedule II controlled substances. (Doc. 104).

    While conducting the guilty plea hearing, Henry made several statements to the Court which should be given consideration in making a ruling on this Motion. Henry advised the Court that the plea agreement was not what he thought it would be. Guilty Plea Hrg. Transcr. 8:6-7. (May 20, 2013). In regard to accepting a plea agreement, Henry rejected earlier plea agreements because he had not seen all of the evidence to make an adequate decision and advised the Court he had still not seen the evidence. *Id* at 10:19-25. As the Court ascertained the reason for Henry desiring to plead guilty on May 20, 2013, Henry stated that he did not want to do a mandatory life sentence. *Id* at 11:9-15. Henry reiterates the same desire, later in the hearing, that he was pleading guilty because he did not want a higher sentence. *Id* at 14:16-17, 24-25; 22:9-16. In

1

response to the Court's question about whether Henry was ready to plead voluntarily, Henry stated that he was pleading guilty because he did not want to face a life sentence. *Id* at 13:23-24. Over the course of the hearing, Henry advises the Court that he does not believe he is guilty of the conspiracy and is only pleading guilty because he had no choice. *Id* at 22:22-24; 23:2-5. When asked by the Court whether anyone had forced Henry to plead guilty, Henry replied that it depends by what you mean by force. He explained he was in a no win situation and he was doing what he thought he needed to do in order to escape the possibility of a life sentence. *Id* at 32:9-22. Finally, Henry did plead guilty to the conspiracy charge. *Id.* at 40:16-19.

On May 28, 2013, counsel received a letter from the defendant asserting his desire to withdraw the guilty plea previously entered on May 20, 2013 in the United States District Court for the Western District of Virginia. Since May 28, 2013, counsel for the defendant has received an additional six (6) letters from the defendant advising that he desires to withdraw his guilty plea and have his case heard by a jury. Furthermore, the defendant has filed three letters with the Court advising the Court he wishes to withdraw his plea of guilty. (Docs. 289, 290 and 292). In each of these letters Mr. Henry asserts his innocence. Specifically, in document 289 which is a letter to the Court dated May 25, 2013, Mr. Henry asserts the following:

1. "I really have over 1,000 pieces of paperwork in my possession that points to me being not-guilty."
2. "What happened on 5/19/13 was to satisfy the courts. It was really not a voluntary plea. To satisfy the Courts is why I plead guilty not because I'm guilty of conspiracy of 5 kilograms or more cause I'm not guilty of these charges."
3. "The charges is bogus and baseless without any merit that will be beat. . ."
4. "I'm so confident that I'll beat these charges that even though I've not seened all of the evidence in the discovery, I'll still beat these charges."

In Mr. Henry's follow-up letter to the Court dated June 18, 2013, he states the following:

1. "Now that I've reviewed my paperwork once again these charges are without merit and bogus baseless and a disrespect to the U.S. Justice system and its sad to society."
2. "I'm not guilty of conspiracy to distribute 5 kilograms of crack cocaine base and the govt's witnesses will be exposed at trial as liars and perjurers. . . I

2

>           don't know none of them people that claim they know me but when the Govt
>           is using coercion tactics on these witnesses you can be made out to be a
>           kingpin drug dealer also."

On July 9, 2013, the Court received a letter from Mr. Henry which was dated July 3, 2013, in which he states the following:

>   1.  " I am not guilty of any type of conspiracy that the govt has put forth on paper."
>   2.  ". . .charges that's 100% baseless, 100% without any merit at all. Fictious charges, fictious conspiracy charges. . ."
>   3.  "It (plea) was not voluntary by me Ashanti Rhan Henry."

## LAW AND ANALYSIS

There is no absolute right to withdraw a guilty plea, see *United States v. Moore*, 931 F.2d 245, 248 (4th Cir.1991), thus the defendant has the burden of showing a fair and just reason for withdrawal. See *id*.; see also *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir.1995) (a "fair and just" reason is one that "essentially challenges" the fairness of a proceeding under Fed.R.Crim.P. 11. In determining whether a defendant has met his burden, courts consider multiple factors: (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources. See *Moore*, 931 F.2d at 248.  *U.S. v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000).

### Credible Evidence that His Plea was Not Knowing or Voluntary

The voluntariness of a plea can be determined only by considering all the relevant circumstances surrounding it.  *Brady v. United States,* 397 U.S. 742, 749 (1970).

In this case, the pertinent facts to determine this issue can be found in the guilty plea colloquy conducted by this Court on May 20, 2013.  At the guilty plea hearing, Henry explained to the Court on several occasions he was pleading guilty because he did not want to face a life sentence. Guilty Plea Hrg. Transcr. at 11:9-15; 13:23-24; 14:16-17, 24-25; 22:9-16. Furthermore, Henry states that he does not believe he is guilty of the conspiracy. *Id* at 22:23-24.

3

Finally, Henry explains to the Court he believes he was forced to plead guilty because he was in a no win situation, and that was the reason he was pleading guilty. *Id* at 32:16-22.

When reviewing the instances above to determine whether Henry pled guilty knowingly and voluntarily, it is plain that Henry did not believe he was guilty of conspiring to distribute or possess with the intent to distribute 280 grams or more of cocaine base, 5 kilograms or more of cocaine, and based upon his belief that he is not guilty of the crime his plea was involuntary.

### The Defendant Has Asserted His Legal Innocence

At the guilty plea hearing, Henry advised the Court that he did not believe he was guilty of crime of conspiracy. *Id* at 22:23-24. Within five days of the guilty plea hearing, Henry penned a letter to the Court (Doc. 289) and advised the Court he was not guilty of the crime and he had over 1,000 pieces of paper in his possession that would show he is not guilty of the crime. Henry also sent two additional letters to the Court where he asserts that he is not guilty of conspiracy. (Docs. 290 and 292)

### Delay Between Entry of Plea and Filing of Motion

In *United States v. Bashara,* 27 F.3d 1174, (6th Cir. 1994), the defendant notified the probation officer that he regretted pleading guilty eleven days after entry of the guilty plea on February 11, 1993. The defendant notified counsel of his regret but was not advised to withdraw the guilty plea. On March 29, 1993 the defendant notified the Court, by letter; he wished to withdraw his guilty plea. A formal motion to withdraw his plea was filed on April 13, 1993.

The Court stated "If a motion for withdrawal of a plea of guilty ... is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." Fed.R.Crim.P. 32(d). Courts have noted that the aim of the rule is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant "to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *United States v. Alexander,* 948 F.2d 1002, 1004 (6th Cir.1991) (quoting *United States v. Carr*, 740 F.2d 339, 345 (5th Cir.1984)), cert. denied, ––– U.S. –––, 112 S.Ct. 1231, 117 L.Ed.2d 465 (1992). *Bashara* at 1180, 1181. The Court affirmed the district court's decision in denying the defendant's motion to withdraw his guilty plea.

*Bashara* is similar to Henry because both defendants notified the Court, by letter, of their intention to withdraw the guilty plea. However, the two cases differ on the facts counsel for Henry

4

advised the Court by electronic mail of his intention to file a motion on behalf of his client on May 31, 2013, eleven days after the plea as soon as the transcripts were received. Counsel for Bashara did not file a motion with the court until April 13, 1993.

As evidenced by the letter dated May 25, 2013, Henry advised the Court that he desired to withdraw his guilty plea and proceed to trial. On May 30, 2013, counsel advised the Court by electronic mail that he was aware of Henry's desire to withdraw his plea and proceed to trial. However, counsel requested a copy of the transcript from the guilty plea hearing. On May 31, 2013, this Court granted Henry's request for the transcripts. (Doc. 288). Counsel for Henry received the transcripts on July 7, 2013 at 9:43 p.m. via electronic mail from the court reporter.

Counsel for Henry would argue that Henry's first letter, which was filed on June 5, 2013, was not a significant delay in notifying the Court and the government of his intention to withdraw his plea. Furthermore, counsel for Henry filed a transcript request on May 31, 2013, for the transcript of the guilty plea hearing and did not receive the transcripts until July 7, 2013.

The delay between the time Henry advised the Court and government of his intention to withdraw his guilty plea is not significant in length of time. Counsel for Henry filed this Motion within three days of receiving the transcripts. The delay in filing the Motion should not be weighed against Henry, and it is evident Henry did not want to plead guilty by his speedy request to withdraw his guilty plea.

## Close Assistance of Counsel

Counsel for Henry believes that he has provided more than adequate assistance to his client in preparing for a potential trial and negotiating plea agreements on behalf of his client. However, Henry may have a different opinion as to his counsel's representation based upon letters counsel has received from Henry.

In order to determine whether Henry had close assistance of counsel, an evidentiary hearing is requested by Henry.

## Prejudice to the Government

Henry did not enter a plea of guilty until May 20, 2013, the same day the jury was scheduled to begin. The government had met with all of its necessary witnesses and presumably would have been ready for trial on May 20, 2013. The prejudice would be minimal to the government as most of the witnesses involved in this case are in the custody of the Bureau of Prisons or are law enforcement officers. From the government's perspective, it could actually, if

successful in convicting Henry, obtain a mandatory life sentence for him. Aside from the normal and routine stress of a trial, the government will suffer no discernible prejudice.

### Inconvenience to the Court and Waste Judicial Resources

The merit of this Motion weighs heavily against any inconvenience to the Court for having to preside over a trial. By proceeding to trial, the case will not inconvenience the Court or waste judicial resources as the Court was prepared for a trial on May 20, 2013.

### CONCLUSION

Under these particular set of facts, there exists significant "fair and just" reasons for this Court to exercise its discretion and grant Henry's motion to withdraw his guilty plea. In this case, Henry advised the Court he was in a "no-win situation" and that was the reason he pled guilty; he asserted to the Court at the guilty plea hearing that he was not guilty of conspiracy; he notified the Court in a timely fashion of his desire to withdraw his plea and continued to assert his innocence in letters to the Court; the government will not be prejudiced nor will a trial be a waste of judicial resources.

WHEREFORE, it is respectfully requested that this Honorable Court grant the Defendant's Motion for Withdrawal of Guilty plea and allow the Defendant to exercise his Sixth Amendment right to a trial by jury.

ASHANTI RHAN HENRY<br>By Counsel

*/s/Randall C. Eads*
Randall C. Eads
Counsel for Defendant
825 Colonial Road
Abingdon, VA 24210
Phone: (276) 628-3529
Facsimile: (276) 628-3994
randallceads@yahoo.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of July, 2013, I electronically filed the foregoing Motion for Leave to Withdraw with the Clerk of the Court using the CM/ECF system which will send notification to counsel of record.

*/s/Randall C. Eads*