# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:12CR00024-1 |
| v. ) | **OPINION** |
| ) | |
| **ASHANTI RHAN HENRY,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Ashanti Rhan Henry, Pro Se Defendant.*

The defendant, Ashanti Rhan Henry, proceeding pro se, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, based on claims of ineffective assistance of counsel and constitutional error. The government has filed a Motion to Dismiss and Henry has responded. Accordingly, Henry's motion is ripe for disposition. After reviewing the record, I will grant the United States' Motion to Dismiss.

I.

A grand jury returned a multi-count Superseding Indictment against Henry and ten codefendants for various drug-related crimes. Henry was charged with four counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts One through Four); one count of possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§

841(a)(1) and 841(b)(1)(B) (Count Five); one count of maintaining a place for the purpose of distributing a controlled substance, in violation of 21 U.S.C. § 856(a)(1) (Count Six); and one count of conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base, five kilograms or more of cocaine, and oxycodone, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and 841(b)(1)(C) (Count Seven).  The government filed an Information advising Henry that because of his two prior drug convictions, if convicted of Count Seven, he would face "a mandatory term of life imprisonment," pursuant to 21 U.S.C. §§ 846, 841(b)(1)(A) and 851.  Am. Sentencing Enhancement Information 2, ECF No. 172.

Henry pleaded guilty pursuant to a written Plea Agreement to Count Seven of the Indictment.  Plea Agreement 1, ECF No. 276.  The Plea Agreement stipulated that Henry faced a maximum statutory term of life imprisonment. *Id*. The Plea Agreement also provided that the government had filed an Information pursuant to 21 U.S.C. § 851, but would limit the enhancement by relying on only one of Henry's prior felony drug convictions and dismissing all others. *Id.* at 3.  In addition, the government agreed to dismiss the remaining counts from the Indictment. *Id*. at 2. The parties agreed to recommend a sentence at the low end of the guideline range. *Id*. at 4.

At the change-of-plea hearing, Henry stated that he had had an adequate opportunity to read and discuss with counsel the Indictment and Plea Agreement before signing it. Plea Hr'g Tr. 5, 6, ECF No. 291. Henry expressed some concern regarding his representation and the terms of the Plea Agreement, but ultimately affirmed that he wanted to plead guilty. *Id.* at 11-29. Henry affirmed his understanding that by pleading guilty, he gave up his right to appeal and to collaterally attack his sentence except as to matters that cannot be waived under the law or that allege ineffective assistance of counsel. *Id.* at 31-32. Finally, Henry affirmed that he was guilty of Count Seven. *Id*. at 40. I found Henry to be fully competent and capable of entering an informed plea and determined that his guilty plea was knowing and voluntary. *Id.* at 40-41.

Henry subsequently filed a motion through counsel seeking to withdraw his guilty plea, asserting his innocence and requesting that he be allowed to proceed to trial. Following a hearing, I denied Henry's motion.

The Presentence Investigation Report ("PSR") recommended a total offense level of 40 and a criminal history category of V, resulting in a guideline imprisonment range of 360 months to life imprisonment.[1] PSR ¶ 176, ECF No. 397. Henry's counsel submitted fourteen objections to the PSR, including

---

[1] The PSR listed Henry's base offense level as 36, but recommended a four-point enhancement for being an organizer or leader of the conspiracy, a two-point enhancement for obstruction of justice and a two-point reduction for acceptance of responsibility.

challenges to the four-level enhancement for being an organizer or leader in the conspiracy, the drug weight calculation, the obstruction-of-justice enhancement, and various alleged factual inaccuracies. *Id.* at 27-31. I denied those objections, adopted the PSR, and sentenced Henry to 360 months imprisonment. Sentencing Hr'g Tr. 46, ECF No. 450; J. 2, ECF No. 395.

Henry appealed, asserting that I had erred by denying his motion to withdraw his guilty plea. The Fourth Circuit affirmed. *United States v. Henry*, 592 F. App'x 201, 202 (2015) (unpublished). Henry also filed a petition for a writ of certiorari with the Supreme Court, which was denied. *Henry v. United States*, 135 S. Ct. 2817 (2015).

In his present § 2255 motion, Henry alleges that counsel provided ineffective assistance by (1) failing to explain to the court that his erroneous advise induced Henry to plead guilty; (2) failing to challenge errors in the PSR; (3) failing to investigate; and (4) failing to explain that the inclusion of a collateral attack waiver in his Plea Agreement created a conflict of interest. Henry also alleges that the Criminal Complaint that preceded the Superseding Indictment was constitutionally deficient. Finally, in a Motion to Amend his § 2255 Motion, ECF

No. 554, Henry asserts that he is entitled to a reduced sentence following the Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551(2015).[2]

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Henry bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

*A. Ineffective Assistance of Counsel.*

Henry first argues that his counsel was ineffective for providing deficient advice before and during the guilty plea hearing, which resulted in an "unknowing involuntary" plea. § 2255 Mot. 4, ECF No. 546. At the guilty plea hearing, I asked Henry if he had reviewed the Plea Agreement with counsel, if he understood the consequences of pleading guilty and if he wanted to plead guilty. Henry answered that he did not "want to face a life sentence," which would have been mandatory, had he been convicted, and that he was guilty. Plea Hr'g Tr. 14, ECF

---

[2] Henry raised an additional claim in his Amended § 2255, which the court dismissed as untimely. Order 1-2, ECF No. 556. The court also dismissed a second Motion to Amend. Order, ECF No. 566.

No. 291.  Because Henry affirmed, during a lengthy guilty plea hearing, that he was voluntarily pleading guilty, this claim lacks merit.  *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (holding that absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false") (internal quotation marks omitted).  In addition, Henry raised the issue of the voluntary nature of his plea before the Fourth Circuit, which dismissed it.  He cannot relitigate issues in a § 2255 motion that have already been decided on direct appeal.  *See United States v. Roane,* 378 F.3d 382, 396 n. 7 (4th Cir. 2004) (concluding that claims that were "already addressed and rejected on direct appeal," cannot be relitigated in a § 2255 motion absent a change in the law).

Next, Henry argues that counsel provided ineffective assistance because counsel failed to challenge various inaccuracies in Henry's PSR.  This claim lacks merit for many reasons.  First, counsel made numerous objections to the PSR and highlighted these objections at the sentencing hearing.  Second, Henry fails to explain with specificity any additional inaccuracies in the PSR that his counsel failed to raise.  "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court."  *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (citation omitted); *Nickerson v.*

*Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (noting that conclusory allegations of ineffective assistance of counsel, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing), *overruled on other grounds by Gray v. Netherland*, 518 U.S. 152, 165-66 (1996).

Henry also alleges that his attorney did not adequately investigate the case. As with his claim regarding challenges to the PSR, Henry does not explain what he wanted counsel to investigate, the evidence an investigation would have uncovered, or how an investigation would have affected the outcome of his case. *Dyess*, 730 F.3d at 359. Courts must review defense counsel's decisions regarding the investigation of a case "with an eye for 'reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.'" *Bunch v. Thompson,* 949 F.2d 1354, 1363 (4th Cir. 1991) (quoting *Strickland v. Washington*, 466 U.S. 668, 691 (1984)). Because defense counsel's actions appear reasonable, Henry cannot establish that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687.

Finally, Henry argues that counsel provided ineffective assistance because the inclusion of a collateral-attack waiver in his Plea Agreement created a conflict of interest such that counsel could not adequately represent Henry's interests. The Fourth Circuit has concluded that "[a] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing

and voluntary." *Lemaster*, 403 F.3d at 220. Henry signed his Plea Agreement, which stipulated that he waive his right to collateral attack his sentence, and at his plea colloquy, he stated that he understood that he was giving up this right. Moreover, the collateral-attack waiver does not preclude a defendant from raising ineffective assistance of counsel claims, as Henry does here. Accordingly, he has not shown that his counsel labored under a conflict of interest or failed to adequately represent his interests. *Strickland*, 466 U.S. at 688 ("Counsel's function is to assist the defendant. . . .").

   *B. Criminal Complaint Errors.*

Next, Henry argues that the Criminal Complaint in his case was defective and should have been dismissed because the affidavit accompanying the Complaint did not establish the credibility of the confidential informants referenced. Henry has waived the right to challenge the Complaint. *Lemaster*, 403 F.3d at 220. But even on the merits, this argument is unavailing. A criminal complaint is intended to establish probable cause for an arrest. *United States v. Alvarado*, 440 F.3d 191, 200 (4th Cir. 2006). The 38-page sworn affidavit by a special agent involved in the investigation, detailed specific drug-related activity in which Henry was involved, and provided "a substantial basis for determining the existence of probable cause." *Illinois v. Gates*, 462 U.S. 213, 239 (1983).

C. Johnson *Claim.*

Finally, in his Amended § 2255 motion, Henry claims that he is entitled to relief following *Johnson*, 135 S. Ct. 2551. Am. § 2255 Mot. 2, ECF No. 554. In *Johnson*, the Supreme Court held that a clause of the Armed Career Criminal Act ("ACCA") was void for vagueness. 135 S. Ct. at 2563 (2015). Henry was not sentenced under the ACCA, so this claim is without merit.[3]

III.

Henry also has filed a Motion for Recusal/Disqualification and Reappointment asserting that I failed to consider his objections to the PSR and refused to allow him to withdraw his guilty plea. Mot. 4-6, ECF No. 602. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Henry has not asserted any claims that would require recusal and accordingly, I will deny this motion.

---

[3] Henry also claims that he is entitled to relief because he was sentenced as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1, which included a clause identical to the one that the Supreme Court held to be unconstitutional in the ACCA. Henry's Plea Agreement provided that he would be treated as a career offender if I determined that he had two prior qualifying convictions. Plea Agreement 4, ECF No. 276. However, I did not sentence Henry as a career offender. Moreover, the Supreme Court has since concluded that the guidelines are not subject to the same constitutional scrutiny as the ACCA, so he would have no recourse even had I sentenced him as a career offender. *Beckles v. United States*, 137 S. Ct. 886, 892 (2017) (holding that because the Guidelines merely "guide the exercise of a court's discretion" and do not "fix the permissible range of sentences" that a defendant faces, they are not subject to a constitutional vagueness challenge).

IV.

For the foregoing reasons, I will grant the United States' Motion to Dismiss and deny the Motion to Vacate, Set Aside, or Correct Sentence. A separate Final Order will be entered herewith.

DATED: May 15, 2017

/s/ James P. Jones
United States District Judge