# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:12CR00024-001 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **ASHANTI RHAN HENRY,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Ashanti Rhan Henry, Defendant Pro Se.*

Defendant Ashanti Rhan Henry, a federal inmate proceeding pro se, has filed a motion for relief from my order dismissing as successive his second motion to reduce sentence pursuant to 28 U.S.C. § 2255. For the following reasons, I will deny the motion.

Henry brings his motion pursuant to Federal Rule of Civil Procedure 60(b)(1), which permits a court to relieve a party from a final judgment, order, or proceeding when there has been a mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Henry seeks relief from my order dismissing as successive his numerically second § 2255 motion, arguing that it is not successive under § 2255(h), which requires any second or successive motion to be certified by the appropriate court of appeals.

Henry argues that his second § 2255 motion is not successive because he asserts newly discovered facts in it, and thus the three claims he seeks to make were not available to him when he filed his first motion. He contends that the Fourth Circuit's holding in *United States v. Hairston*, 754 F.3d 258 (4th Cir. 2014), supports his argument that his second § 2255 motion is not successive. In *Hairston*, the Fourth Circuit held that a numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where the facts relied upon by the movant did not exist when the numerically first motion was filed and adjudicated. 754 F.3d at 262.

I will deny Henry's present motion for relief because his arguments have already been addressed on appeal. A district court may entertain a Rule 60(b) motion after the issue has been raised and adjudicated on appeal. *See Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18–19 (1976) (holding that a district court may entertain a Rule 60(b) motion after an appellate court has resolved the issue without leave from the appellate court). However, "the district judge is not free to flout the decision of the appellate court so far as it goes, but the judge should be free to consider whether circumstances not previously known to either court compel a new trial." 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2873 (3d. 2012) (citing *United States v. Cato Bros., Inc.*, 273 F.2d 153, 158–59 (4th Cir. 1959)).

Here, Henry promptly appealed my order dismissing his second motion, and in the appeal, he also argued, citing *Hairston*, that I erred in determining that his second § 2255 motion was successive because the motion raised newly discovered facts. The Fourth Circuit denied a certificate of appealability and dismissed the appeal, holding that Henry had failed to show that the procedural ruling dismissing his second motion was debatable or that his motion stated a debatable claim of the denial of a constitutional right. *United States v. Henry*, 712 F. App'x 333 (4th Cir. 2018) (unpublished). To take up the same issue pursuant to Henry's Rule 60(b) motion would be to flout the decision of the appellate court. Moreover, Henry's Rule 60(b) motion does not present circumstances not previously known to the appellate court.

For these reasons, it is **ORDERED** that the defendant's Motion for Relief from Judgment, ECF No. 746, is DENIED.

ENTER: August 12, 2019

/s/ James P. Jones
United States District Judge